SUMMARY ORDER
Plaintiff-appellant Hubert Miranda appeals from a May 14, 2007 judgment of the District Court, following a successful motion for summary judgment brought by defendant-appellee Jetro Cash & Carry-Enterprises, Inc. (“Jetro”), plaintiffs employer. Plaintiff sued Jetro under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (“Title VII”), alleging that he was impermissibly demoted from his position as a forklift operator at one of Jetro’s warehouses because of his ethnicity (Garifuna) and national origin (Belize). Plaintiff appears pro se, as he did before the District Court. We assume the parties’ familiarity with the underlying facts and procedural history of this case.
We review de novo a district court’s grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, construing all facts in favor of the non-moving party. See, e.g., Paneccasio v. Unisource Worldwide, Inc., 532 F.3d 101, 107 (2d Cir.2008). Summary judgment is only warranted upon a showing “that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
At the summary judgment stage, Title VII claims are assessed under the burden- *25 shifting apparatus described in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 98 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As applied in the employment context, McDonnell Douglas requires a plaintiff to produce some evidence showing the prima facie elements of a discrimination claim, whereupon the “burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the [adverse employment action].” Patterson v. County of Oneida, N.Y., 375 F.3d 206, 221 (2d Cir.2004) (internal quotation marks omitted). If a defendant produces admissible evidence showing legitimate business reasons for terminating plaintiff, “the burden shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.” Id. (internal quotation marks omitted). Summary judgment is appropriate where “the plaintiff has failed to show that there is evidence that would permit a rational fact-finder to infer that the employer’s proffered rationale is pretext.” Id. Of course, “[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.” Id. (internal quotation marks omitted).
Upon review of the record before us, we agree with the District Court that, even if plaintiff were able to show evidence of all of the prima facie elements of a Title VII discrimination claim, he has not come forward with evidence suggesting — much less tending to show — that Jetro’s legitimate business reasons for terminating him were pretextual. As the District Court explained, plaintiff received multiple reprimands from his supervisors in the year before Jetro terminated him. Nothing in the record suggests that any of these disciplinary measures or the ultimate decision to terminate plaintiffs employment were motivated by impermissible discrimination.
We have considered plaintiffs remaining arguments and allegations — including an allegation that the District Court was biased against him — and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.